**[No. 1323.]**

CLIFFORD v. GIENGER ET AL.

1. APPELLATE PRACTICE—EVIDENCE.

Where on all the evidence offered the trial court concludes that the facts are with the successful party, the appellate court, except under very exceptional circumstances, will not disturb the judgment because it is unsupported by the evidence.

2. EVIDENCE.

In an action for meats supplied by a butcher to a hotel keeper from day to day upon orders from such hotel keeper, where the orders were immediately placed in the blotter or day book, and afterwards delivered at the hotel, the testimony of the proprieter of the shop, and the books of account, which were produced, in the absence of countervailing testimony, sufficiently established the sale and delivery

of the goods, without producing the driver who delivered the packages to the hotel.

3. SAME.

In an action by a butcher against the guarantor of a hotel keeper for meats furnished the hotel, it is not competent evidence to show how much meat had been delivered by the butcher to the hotel keeper during a definite time after the expiration of the guaranty and while the butcher was still supplying the hotel keeper, to show that the butcher's meat bills for the hotel were much larger during the life of the guaranty than afterwards, unless the offer had been followed up by a further one to show a failure to deliver some of the meats for which the defendant was sued, or unless the case prior to the offer of the evidence had shown the nondelivery of part of the bill sued for.

*Appeal from the District Court of Arapahoe County.*

Messrs. DOUD & FOWLER, for appellant.

Mr. S. E. BROWN, for appellee.

BISSELL, J., delivered the opinion of the court.

Fisher & Gienger were butchers and Pass was a hotel keeper, and Clifford the guarantor of the innkeeper's purchases from the butchers under a written agreement. The agreement provided that Clifford should answer for the price of all meats bought by Pass and delivered to the Lindell Hotel for one month from June 28, 1893. Acting under the agreement the butchers sold and delivered a large quantity of meats of various descriptions to Pass which he did not pay for. When Fisher & Gienger failed to collect the account, it was presented to the guarantor, Clifford, and according to Gienger's evidence, he promised to pay, though he ultimately refused. Thereupon this action was brought against him to recover the bill. The case was tried to the court without a jury and on the conclusion of the testimony the court entered judgment for the plaintiffs.

Acting under the well established rule of the appellate courts of the state, we must refuse to discuss the sufficiency

of the evidence to support the judgment. Where on all the evidence offered, the trial court concludes that the facts are with the successful party, we do not, save under very exceptional circumstances, disturb the judgment because it is unsupported by the evidence. We are very frank to say, however, that if the evidence as contained in the record had been submitted to us as an original proposition, we should have entered judgment for the plaintiffs. Some point is made on the failure of the proof to sufficiently establish the delivery of the goods. We cannot so view the case. The goods were ordered from day to day of one of the copartners by the hotel proprietor, whose place was across the street from the butcher shop, the orders were immediately placed in the blotter or day book, and afterwards delivered at the hotel. The testimony of the proprietors of the shop, and the evidence furnished by their books of account, which were produced, in the absence of any countervailing testimony, sufficiently established the sale and delivery of the goods. It would have been manifestly impossible to produce a driver who delivered from day to day each package of sausage, pork, or beef which was taken over to the hotel. Apparently, the court was abundantly satisfied with the proof, and we are not disposed to disagree with it.

Aside from this proposition, there are but two legal considerations which are urged on our attention, and to our minds these are so obviously without foundation that we find it difficult to escape the conclusion that the appellant is without any firm faith in the sufficiency of his position. The appellant attempted during the progress of the trial, and in the examination of one of the partners, to examine the entries in the book after the guaranty had been canceled, to prove how much meat had been delivered within a definite time afterwards while Pass and the partnership still dealt as butchers and hotel keeper. The offer of the proof was to show that Pass's meat bills were not over a third of what they had been during the life of the guaranty, and the patronage of the hotel was substantially the same. The offer went no farther, and

the court excluded the evidence. We quite agree with the court as to the incompetency of the testimony unless the offer was followed by a further one to show a failure to deliver some of the meats for which the defendant was sued, or unless the case prior to that time had shown the nondelivery of part of the bill sued for. Without this other proof, the evidence of a diminution in the sales and deliveries would at best have only cast suspicion on the account, but could not have warranted the entry of another judgment. For this reason the judgment cannot be overturned because of the ruling of the court on this proposition.

There are one or two other minor matters suggested by counsel, but they are not of sufficient importance to justify discussion, and since we find ample reasons in the record to sustain the judgment, and none upon which we can rightfully reverse it, we shall permit it to stand.

*Affirmed.*